United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN LEE COBB,<br><br>　　　　Defendant. | Case No.: CR-13-00096-YGR (KAW)<br><br>ORDER OF REVOCATION AND DETENTION |

## I. BACKGROUND INFORMATION

Defendant John Lee Cobb is charged by indictment with a violation of 26 U.S.C. §§ 5841, 5861(d), and 5871 (possession of an unregistered firearm). Defendant was previously released on December 14, 2012 on a $25,000 unsecured bond. After testing positive for illegal substances following his release, Defendant's conditions of release were modified on February 22, 2013 to include residential drug treatment at New Bridge. On April 24, 2013, Defendant appeared at a bond violation hearing for absconding from New Bridge, where he was admonished by the Court and ordered to fully comply with all rules of the New Bridge Foundation. He was allowed to return to New Bridge with a zero tolerance policy.

On May 20, 2013, U.S. Pretrial Services Officer Galereh Farahmand spoke with the Assistant Director of New Bridge, who reported that Defendant was repeatedly noncompliant with staff and that New Bridge was no longer willing to work with him.

On May 23, 2013, a hearing was held on the Government's motion for revocation of Defendant's pretrial release as permitted by 18 U.S.C. § 3148. Defendant was present, and represented by Assistant Public Defender Joyce Leavitt. Assistant United States Attorney Rodney Villazor appeared on behalf of the Government. Pretrial Services Officer Gelareh Farahmand was also present.

For the reasons set forth below, the Court orders that Defendant's pretrial release be revoked and that he be remanded to federal custody pending trial.

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)

After release, the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court. 18 U.S.C. § 3148(b). The judicial officer shall enter an order of revocation and detention if the court makes a finding that there is "clear and convincing evidence that the person has violated any other condition of release; and" finds that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. §§ 3148(b)(1)(B), (b)(2)(B).

**A. Violation of Conditions of Release**

After previously violating the terms of his residential placement at New Bridge by absconding from the program, Defendant was ordered to fully comply with all rules of New Bridge and participate in the drug treatment program. Instead, Defendant has been noncompliant with program staff and noncompliant overall according to New Bridge Assistant Director Woyteck Mlynarski. Defendant's behavior is such that New Bridge is now unwilling to work with him. Defendant's termination from the program is a violation of one of the conditions of his pretrial release.

///

///

### B. Unlikely to Abide by Any Condition or Combination of Conditions of Release

Defendant is defiant, immature, and has a history of substance abuse for which he was receiving treatment at New Bridge. Defendant previously violated this condition of release when he left New Bridge, and was given another opportunity to comply with the program. Despite this second chance, Defendant failed to correct his behavior and comply with New Bridge's rules.

Since New Bridge is unwilling to work with him, Defendant has no other suitable residential options. Defendant, who has virtually no verifiable employment history, was previously residing with his parents, but he was allegedly in possession of the unlicensed firearm at issue in the instant matter at his parents' residence. Further, as a drug user, Defendant needs a stable environment where he will not have access to illicit substances, and he was using when he resided with his parents. Previously, Pretrial Services visited Defendant's parents' house and concluded that it was unsuitable. Regardless, at present, Defendant cannot be released to his parents' house because they live in Section 8 housing. Furthermore, as drug user, if released into the community without a stable placement—which is now unavailable—he is likely to violate the condition of release that forbids him from using illegal substances.

For these reasons, it is unlikely that Defendant would abide by the conditions of his pretrial release.

### III. CONCLUSION

In light of the above, Defendant's release is revoked and he is remanded to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: May 23, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge

ORDER OF REVOCATION AND DETENTION
CR-13-00096-YGR (KAW)                           3